OHIO vs. ANKRIM.

HARRISON.
March, 1817.

Ohio
v.
Ankrim.

After a non-suit entered, the action is not *depending.*

The party challenging a juror, on suspicion of bias or partiality, may examine the juror on oath, *or* produce other evidence to support his challenge; he cannot do both.

The engraver's name is no part of a bank note.

INDICTMENT, for passing a counterfeit bank note.

PLEA—Not guilty.

BEEBE and HALLOCK, for the state.

GOODENOW, for the prisoner, challenged Mathew Kenedy, who was called as a juror, and stated, for cause, that Ankrim and Kenedy were adverse parties to a suit now depending in this court.

On examination, it appeared that the case of Ankrim vs. Kenedy, in chancery, was on the list of causes set down for trial at this term, and that, on the first day of the term, it had been *non-pross'd* by the complainant.

PRESIDENT.—The statute excludes a juror "who has an action depending between him and the party," not one who *has had* an action depending. Challenge overruled.

Kenedy was then challenged " on suspicion of bias and partiality." After a witness had been examined, GOODENOW asked the court to examine Kenedy.

PRESIDENT.—When a juror is challenged " on suspicion of bias or partiality for either party," the party challenging may examine the juror, or he may call witnesses, but he cannot do both ; such has been the uniform practice in this court, and we are satisfied with its correctness.

BEEBE offered to read the note alledged to have been put off by the prisoner, to the jury.

GOODENOW objected, that it was not the same note described in the indictment ; on the note offered, was *" W. Harrison, fecit,"* which was omitted in the indictment.

PRESIDENT.—The note offered in evidence, must agree in words and figures, with the indictment, and in that every part of the no te must be described ; there are many things on a bank note, which are not considered as parts of the note, requiring to be thus described, such as the vignette, and the ornaments usually printed on the ends of such notes ; the note is complete, as an obligation, without them ; so the engraver's name is no part of the note, and the omitting to describe it, does not, for that reason, occasion a variance.